UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MERLE and PAULA ABRAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-cv-428 |
| ) | (Phillips/Guyton) |
| FIRST TENNESSEE BANK NATIONAL ) | |
| ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 249] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the Motion to Compel Discovery by First Tennessee National Corporation, First Tennessee Bank National Association, and First Horizon Home Loan Corporation [Doc. 233].

Defendants First Tennessee National Corporation, First Tennessee Bank National Association, and First Horizon Home Loan Corporation (collectively "First Tennessee Defendants") move to compel the plaintiffs to comply with the First Tennessee Defendants' first request for production of documents, which requested Plaintiffs to "[p]roduce all Documents relating to any transaction or communication involving you and New South [Federal Savings Bank ("New South")]."

This action arises from the sale and financing of real property known as Deer Path Resorts, an overnight cabin rental development located in Jefferson County and Sevier County, Tennessee. The plaintiffs are the purchasers of these rental properties, and each of the defendants

either participated in the sale of the rental properties or the financing provided to the plaintiffs. The plaintiffs allege that the First Tennessee Defendants and others acted fraudulently in the sale and financing of the properties, and they seek to recover compensatory and punitive damages that they allegedly sustained as a result of these Defendants' conduct.

Defendant New South is the holder of notes secured by deeds of trust recorded against approximately 32 of the lot purchasers. With respect to New South, the plaintiffs seek a declaration that all of the notes, mortgages, deeds of conveyance, and all other instruments signed by the plaintiffs are void and have no legal effect. [Doc. 1]. In the plaintiffs' Second Amended Complaint [Doc. 162], the plaintiffs assert civil RICO violations against New South and others, alleging that the defendants engaged in a criminal enterprise to fraudulently sell to the plaintiffs and finance for the plaintiffs the Deer Path properties. New South has filed a counterclaim [Doc. 181] against the plaintiffs, seeking to recover the deficiencies plus interest, penalties, attorney's fees and costs accrued pursuant to the terms of each plaintiff's note. New South is also a plaintiff in a case currently pending in the Sevier County Chancery Court in which New South has sued the First Tennessee Defendants and in which some of the plaintiffs in the present case are third-party defendants.

In their response to the First Tennessee Defendants' request, the plaintiffs acknowledged the existence of an agreement entered into between the plaintiffs and New South under which the plaintiffs have agreed to cooperate with New South in order to pursue the present litigation as well as the Sevier County Circuit Court litigation. Plaintiffs, however, refused to produce a copy of the agreement, citing a confidentiality provision which prohibits disclosure absent New South's permission or an order of a Court of competent jurisdiction. Plaintiffs further state in

their response that they had requested permission from New South to disclose the terms of the agreement, but that New South had not consented. Plaintiffs state that they "will comply with any Order of the Court requiring the production of such agreement." [Doc. 233 Ex. A].

Pursuant to the discovery dispute resolution process set forth in the Scheduling Order, the parties contacted the undersigned on December 19, 2005 regarding this dispute. By an Order entered December 21, 2005, the undersigned granted the First Tennessee Defendants permission to file a motion on the issue. A hearing was held on this motion on February 8, 2006.

The First Tennessee Defendants argue that the agreement between Plaintiffs and New South is relevant to the pending action and is not protected by any privilege. Specifically, they argue that the agreement is relevant to the issue of damages as well as the issue of the credibility of the Plaintiffs' testimony. Plaintiffs oppose Defendants' motion, arguing that the agreement is not relevant and further, that the agreement is not discoverable pursuant to the common interest privilege.[1]

Where, as here, the Court is presented solely with a federal question, the Court must apply federal common law to determine the existence of a privilege. Fed. R. Evid. 501; Hancock v. Dodson, 958 F.2d 1367, 1372-73 (6th Cir. 1992).

The common interest privilege "expands the coverage of the attorney-client privilege where two or more clients with a common interest in a matter are represented by separate lawyers and agree to exchange information concerning the matter. In such instances, a communication of any such client that otherwise would qualify as privileged is privileged as against third parties."

---

[1] Plaintiffs indicate in their response that they are amending their discovery response to assert these additional objections. [Doc. 251].

Reed v. Baxter, 134 F.3d 351, 357 (6th Cir. 1998). "The common interest privilege allows for two clients to discuss their affairs with a lawyer, protected by the attorney-client privilege, so long as they have an 'identical (or nearly identical) legal interest as opposed to a merely similar interest.'" United States v. Doe, 429 F.3d 450, 453 (3d Cir. 2005); Libbey Glass, Inc. v. Oneida, Ltd., 197 F.R.D. 342, 347 (N.D. Ohio 1999). "In theory, the common interest doctrine encourages parties working with a common purpose to benefit from the guidance of counsel, and thus avoid pitfalls that otherwise might impair their progress toward their shared objective." Libbey Glass, 197 F.R.D. at 347-48. However, merely "sharing a desire to succeed in an action does not create a 'common interest.'" Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 893 (S.D.N.Y. 1999) (finding that plaintiff and non-party bank did not share identical legal interests, although they would both benefit from a judgment in favor of the plaintiff). The common interest privilege "is not a privilege in and of itself; it is merely an exception to the waiver of attorney-client privilege." Smithkline Beecham Corp. v. Apotex Corp., 193 F.R.D. 530, 539 (N.D. Ill. 2000).

    The Court has reviewed the parties' agreement *in camera*. Based upon the review of this agreement, as well as the nature of the plaintiffs' claims against New South and New South's counterclaims against the plaintiffs, the Court must conclude that this agreement is relevant and is not protected by any privilege. While the plaintiffs and New South both may have an interest in resolving the plaintiffs' deficiencies on the notes, the parties are fundamentally adverse to one another and do not share identical legal interests. The plaintiffs have asserted RICO claims against New South, alleging that it engaged in a criminal enterprise to defraud the plaintiffs, and they seek a declaration that the notes held by New South are void and of no legal effect. New South in turn has counterclaimed for the deficiencies on the plaintiffs' notes, plus costs, attorney's fees, penalties,

4

and interest.  The attorney-client privilege is simply not applicable in this instance.  "The attorney-client privilege was never designed to protect conversations between a client and ... an adverse party – rather, it pertains only to conversations between the client and *his or her* attorney."  <u>In re Columbia/HCA Healthcare Corp. Billing Practices Litig.</u>, 293 F.3d 289, 302 (6th Cir. 2002), <u>cert. dismissed</u>, 539 U.S. 977 (2003) (rejecting claim of attorney-client privilege of documents produced to government agencies during investigation).

For the foregoing reasons, the Motion to Compel Discovery by First Tennessee National Corporation, First Tennessee National Association, and First Horizon Home Loan Corporation [Doc. 233] is **GRANTED**.  The agreement between the plaintiffs and New South shall be produced.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge