UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MERLE and PAULA ABRAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-cv-428 |
| ) | (Phillips/Guyton) |
| FIRST TENNESSEE BANK NATIONAL ) | |
| ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court, by referral from the District Judge [Doc. 287], for consideration of Linda Cox's Motion For Protective Order [Doc. 280]. The Court heard oral argument on April 6, 2006. Brent Watson was present for the plaintiffs. John Speer was present on behalf of the movant, Linda Cox, and also on behalf of the defendant First Tennessee Bank.

Linda Cox ("Cox") is a former employee of the defendant First Tennessee Bank. Cox was a loan officer involved in preparing and administering loans for the Deer Path cabin project, the development which is the general subject of this litigation.

Apparently, each individual plaintiff in this case has a separate loan file. As a result, there are approximately sixty-five (65) loan files in issue. Over the course of four (4) depositions, three in a state court action and one in the present case [Doc. 282], Cox has been questioned about some of these individual files, but not all of them. The parties agreed that under the Local Rules of this District, plaintiff's counsel has one (1) hour of time left to depose Cox in the present case before being required to ask the Court for additional time.

In her motion, Cox asks the Court to prohibit plaintiffs from deposing her any further in this matter, including a request that the Court shorten the time of her deposition by one (1) hour so that it may be deemed to be completed. In support of this request, Cox argues that she is not a defendant in this case, and that she no longer is employed by First Tennessee Bank. She asserts that the general subject matter of the depositions given in the state court action relate to the same claims as are pending in the present case. Cox argues that her last deposition, given in January, 2006, resulted in questioning which was repetitive, redundant and unreasonably burdensome. Cox further argues that it is unreasonable for the plaintiffs to depose her with specific questions about each individual loan file because all of her answers with regard to the loans are the same in terms of her involvement. Cox says that she also has established through the answers which she has already given in other depositions that she can not recall many of the matters about which she has been questioned.

Plaintiffs' counsel argues in response that plaintiffs must ask some repetitive and redundant questions of Cox, because First Tennessee has refused to stipulate that Cox's testimony in the state court depositions can be used as evidence in the present case. Plaintiffs' counsel also argues that he must, by necessity, question Cox regarding some matters which were covered in earlier depositions in order to set a foundation for going deeper into the issues. Finally, plaintiffs' counsel argues that Cox made the decision on each individual construction loan, and therefore he must ask Cox about each individual loan file.

In reply, counsel for First Tennessee states that First Tennessee will stipulate only that the prior depositions can be used for any purpose allowed under the Federal Rules. Counsel

2

also argues that Cox will testify the same way with regard to every loan file, and therefore, it is unduly burdensome to allow the same series of questions on each file.

Finally, plaintiffs' counsel stated at oral argument that the plaintiffs were making no current effort to depose Cox again. However, he stated that her deposition had not been terminated so that it may be continued. Plaintiffs' counsel stated that he would file a Motion for Leave to Depose Cox if the plaintiffs decided to depose her again, because of the hours requirement under the Local Rules.

This statement at oral argument by plaintiffs' counsel perhaps is in conflict with plaintiffs' brief on this issue, wherein plaintiffs state that "it is necessary for plaintiffs to depose Ms. Cox as to each and every one of the loan files that she handles in an effort to combat the summary judgment motions." [Doc. 282]. Plaintiffs in their brief go on to say that "plaintiffs must be allowed to examine Ms. Cox on the details of their loan files." [Doc. 282].

The Court must give the greater credence to the statements made by plaintiffs' counsel at oral argument on the subject of plaintiffs intention to depose Cox. In other words, if faced with the pleadings alone, the Court would feel compelled to issue a ruling on Cox's Motion for Protective Order. However, the Court must accept the statements by plaintiffs' counsel to the effect that the plaintiffs will move for leave to depose Cox if the plaintiffs do decide to go forward with her deposition. It is well settled that the Court will exercise its discretion to not rule on matters that are not yet ripe for adjudication, including discovery disputes which are only potential and not acute. Therefore, the Court will reserve this issue at this time. The Court will not restrict plaintiffs' counsel from using the one (1) hour of deposition time which the parties agree is left on the clock with Cox. The Court will expect plaintiffs' counsel to file a Motion for Leave if any effort is to be

3

made to extend Cox's deposition. In the meantime, the Court would encourage the parties to use written discovery to the extent possible to narrow the potential areas of dispute which might arise in the deposition. Rule 26(b)(2) of the Federal Rules of Civil Procedure contemplates that the parties will seek discovery in ways which are less burdensome and less expensive if they are reasonably able to do so.

Therefore, Linda Cox's Motion For Protective Order [Doc. 280] is **HELD IN ABEYANCE** at this time.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge

4