UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MERLE and PAULA ABRAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-cv-428 |
| ) | (Phillips/Guyton) |
| FIRST TENNESSEE BANK NATIONAL ) | |
| ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court, pursuant to referral [Doc. 388] from District Judge Thomas W. Phillips, for consideration of the plaintiffs' Rule 56(f) Motion [Doc. 381] and the plaintiffs' Motion To Compel [Doc. 382]. Both motions were filed on July 17, 2006.

The Court conducted a hearing on the said motions on August 14, 2006. Brent R. Watson was present for the plaintiffs. Melinda Meador was present for the First Tennessee defendants. Attorneys John Speer and Kathy Cloud participated by telephone.

For the reasons set forth below, both Motions [Docs. 381 and 382] are **DENIED**.

In their Rule 56 (f) Motion, the plaintiffs ask the Court to either deny the summary judgment motion filed by the First Tennessee Defendants, or alternatively, stay any ruling on the summary judgment motion "until the First Tennessee Defendants have fully responded to the discovery that has been asked of them" [Doc. 381]. The District Judge referred only that part of the motion which requests a stay, and accordingly, it is only the request for a stay which is addressed by this Memorandum and Order.

The plaintiffs' Motion To Compel [Doc. 382] addresses the written discovery which plaintiffs argue has not been answered by the First Tennessee Defendants. The parties agree that this Motion should be considered in conjunction with the Rule 56(f) motion.

The plaintiffs argue that the written discovery responses of the First Tennessee Defendants are evasive and incomplete, and therefore inadequate; that a large number of requests for admission were not answered properly; that answers to interrogatories asking for identification of documents failed to identify specific documents; that the First Tennessee Defendants objected to producing personnel files and payroll records; and that these discovery problems must be rectified before the Court considers the summary judgment motion.

In response, the First Tennessee Defendants argue that the plaintiff's Rule 56(f) Motion was not timely filed; that the plaintiffs have not diligently pursued the questioned discovery; that the information which the plaintiffs seek in the questioned discovery would not affect the ruling on the pending motion for summary judgment; and that the plaintiffs' Motion To Compel does not comply with the requirements of Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.2.

> Rule 56(f) of the Federal Rules of Civil Procedure states:
>
> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In order to prevail on a Rule 56(f) motion, the First Circuit has said that the motion must:

> (1) be made within a 'reasonable time' after the filing of a summary judgment motion; (2) place the district court on notice that movant wants the court to delay action on the summary judgment motion,

2

> whether or not the motion cites Rule 56(f); (3) demonstrate that movant has been diligent in conducting discovery, and show 'good cause' why the additional discovery was not previously practicable with reasonable diligence; (4) set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist, and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion; and (5) attest that the movant has personal knowledge of the recited grounds for the requested continuance.

Simas v. First Citizens Fed. Credit Union, 170 F.3d 37, 46 (1st Cir. 1999) (citing C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 n.2 (1st Cir. 1998)).

As noted by the plaintiffs, the Sixth Circuit has stated more broadly that the Rule 56(f) movant must file an affidavit that (1) details the discovery needed and (2) explains how it will help rebut the movant's showing of the absence of a genuine issue of material fact. See Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 305 (6th Cir. 2003). The Sixth Circuit has held that "the importance of complying with Rule 56(f) cannot be overemphasized." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000).

In the present case, the Court finds that the plaintiffs have made no showing as to how a stay will allow them to provide the District Court with any specific evidence relevant to the issues which are the subject of the pending summary judgment motion. In other words, while there may be some on-going discovery problems between the parties, (as discussed below), the plaintiffs have not identified anything specific about the information sought by that discovery which might affect the pending motions.

The First Tennessee Defendants argue that the timing of the plaintiffs' Rule 56(f) Motion underscores this important point. The First Tennessee Defendants filed their Motion For Summary Judgment on May 1, 2006. The plaintiffs filed their response in opposition to the said Motion on

3

July 11, 2006. The First Tennessee Defendants filed a reply memorandum on July 13, 2006. Then on July 17, 2006, the plaintiffs filed the Rule 56(f) Motion. In footnote 1 of their response [Doc. 375], the plaintiffs did allege that an additional basis for denying the summary judgment motion was the failure of the First Tennessee Defendants to respond to discovery requests. The plaintiffs went on in that footnote to say that the plaintiffs would be filing a Rule 56(f) Motion "requesting relief, if needed." However, the plaintiffs did not specify any particular discovery which was needed to respond to the summary judgment motion. In fact, the plaintiffs said just the opposite. The response [Doc. 375] alleges that "the facts established by the extensive record of documentary and testimonial evidence developed in this case and in related cases. . ." make clear that triable issues exist and summary judgment should be denied. Moreover, plaintiffs concede that their Rule 56(f) Motion was filed "out of an abundance of caution", and not because the motion for summary judgment could not be fully opposed without it. For these reasons, the Court must find that the plaintiffs' Rule 56(f) Motion [Doc. 381] is not well-taken and must be **DENIED**.

As for the Motion to Compel [Doc. 382], the Court finds that the plaintiffs did not comply with Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.2. Compliance with these rules is a threshold requirement which is dutifully enforced in this District, and on that basis the Court has no choice but to find that the Motion To Compel [Doc. 382] must be **DENIED**.

However, the Court will take this opportunity to provide the following guidance to the parties relative to the written discovery in dispute. First, as to the requests for admission, the Court has reviewed the First Tennessee Defendants' responses and finds that their objections are justified and that their responses are in substantial compliance with the requirements of Rule 36 of the Federal Rules of Civil Procedure. Second, with respect to the First Tennessee Defendants'

4

responses to the plaintiffs' interrogatories, Rule 33 requires the defendants to specify "in sufficient detail" the location and identity of responsive documents. See Fed. R. Civ. P. 33(d). Accordingly, in the process of meeting their Rule 37 obligations, the parties should make a good faith effort to confer on better identifying, whether by specific physical location or Bates stamp number or both, each document responsive to the plaintiffs' interrogatories, to the extent that this has not already been done. Furthermore, if the plaintiffs' counsel wishes to inspect these documents, the parties should arrange for a mutually agreeable time and place to do so.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge