UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MERLE and PAULA ABRAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:03-cv-428 |
| | ) | (Phillips/Guyton) |
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Pursuant to the discovery dispute resolution process set forth in the Scheduling Order, the parties contacted the undersigned on November 20, 2006 regarding a discovery dispute. By an Order [Doc. 442] entered November 28, 2006, the undersigned granted the parties permission to file briefs on this discovery issue. The parties filed their respective briefs [Docs. 445, 446] on December 11, 2006, and the issue is now ripe for adjudication.

Defendants First Tennessee Bank National Association and First Horizon Home Loans Corporation (collectively the "First Tennessee Defendants") move the Court for an Order compelling the Plaintiffs to fully respond to the First Tennessee Defendants' Third Set of Interrogatories and Requests for Production of Documents (the "Third Discovery Requests"), which were served on the Plaintiffs on August 24, 2006. [Doc. 445]. The Third Discovery Requests were propounded to the Plaintiffs after the First Tennessee Defendants were provided a copy of the agreement ("Agreement") entered into between counsel for the Plaintiffs and counsel for New South Federal Savings Bank ("New South"), a co-defendant in this litigation. Pursuant to this Agreement,

the Plaintiffs and New South have agreed to coordinate their litigation strategies and financial resources in order to secure a judgment against the First Tennessee Defendants in this litigation.

The Court previously had ordered the production of this Agreement [Doc. 318], specifically finding that the Agreement, which was negotiated and exchanged between opposing counsel, is relevant to this action and is not protected by either the attorney-client or common interest privileges. District Court Judge Phillips affirmed the undersigned's decision, holding that "the Court is in complete agreement with the magistrate judge's determinations, finding that the subject agreement between plaintiffs and New South is relevant and not protected by any privilege in that the parties are fundamentally adverse to one another and do not share identical legal interests." [Doc. 335].

Essentially, the Third Discovery Requests seek information regarding (1) the relationship and exchange of information between the Plaintiffs and New South (including the parties' counsel); (2) documents evidencing the legal fee arrangement between the parties; and (3) the validity of any conflict waivers purportedly executed by the Plaintiffs at or near the time that the Agreement was entered into by the attorneys. The First Tennessee Defendants argue that the information sought is relevant to many significant issues in this case and is not subject to any privilege, and that the law of the case doctrine precludes the Plaintiffs or New South from re-litigating whether documents exchanged between them are protected by a common interest or attorney-client privilege. The First Tennessee Defendants further argue that any work product protection which arguably may have applied to the requested documents has been waived by virtue of the disclosure of these documents to opposing counsel. [Doc. 445].

The Plaintiffs and New South argue that the information sought by the First Tennessee Defendants is not relevant, nor is it reasonably calculated to lead to the discovery of relevant information. They further contend that the requested information is protected from discovery pursuant to the work product doctrine. [Doc. 446].

To the extent that the Third Discovery Requests seek documents and communications between the Plaintiffs' counsel and New South's counsel regarding any agreement between the parties concerning the Plaintiffs' obligations arising from the New South loans, the Court finds the First Tennessee Defendants' request for additional information to be well-taken. For the reasons stated in its previous Order [Doc. 318], the Court finds that these documents and communications are relevant to this action and that any attorney-client privilege applicable to such information was waived by its disclosure to opposing counsel. This disclosure further waived any work product protection applicable to such information. See In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 307 (6th Cir. 2002), cert. dismissed, 539 U.S. 977 (2003) (applying same standard regarding waiver of the attorney-client privilege to the work product doctrine).

To the extent that the First Tennessee Defendants seek documents evidencing New South's payment of the Plaintiffs' attorney's fees, including amounts paid and descriptions of services rendered, the Court finds that the First Tennessee Defendants are entitled to know the amount of legal fees that New South has paid on behalf of the Plaintiffs. The Plaintiffs have agreed [Doc. 446] to provide the total amount of attorney's fees incurred and paid to date, including those paid by New South. The Plaintiffs object, however, to producing specific fee invoices, which the Plaintiffs contend detail legal matters and the thought processes of the Plaintiffs' counsel, on the grounds of attorney-client privilege and work product doctrine.

It is unclear from the parties' pleadings whether these specific invoices have been provided to New South. If these invoices have been so produced, thereby disclosing this privileged information to New South, then the Court finds that any attorney-client or work product privilege applicable to these documents has been waived, and the invoices should therefore also be produced to the First Tennessee Defendants. If the invoices have not been produced to New South or to any other entity, then the Court finds that the invoices have retained their confidential nature and should not be produced at this time.

Finally, with respect to the First Tennessee Defendants' request for any consents to waive conflicts of interest executed by the Plaintiffs in furtherance of the Agreement, the Court finds that this information, while relevant, appears to consist of communications between the Plaintiffs and their counsel. These communications do not appear to have been disclosed to any other person or entity, including New South. Therefore, it appears to the Court that these communications are privileged attorney-client material. The Plaintiffs, however, shall be required to produce a privilege log specifically describing these communications in such a manner that, without disclosing any privileged information, the First Tennessee Defendants will be able to assess whether the consents were in fact executed by the Plaintiffs and whether the attorney-client privilege is applicable to these documents. See Fed. R. Civ. P. 26(b)(5).

For the foregoing reasons, the First Tennessee Defendants' request for an Order to Compel [Doc. 445] is **GRANTED IN PART** and **DENIED IN PART**, to the extent as set forth herein.

**IT IS SO ORDERED.**

ENTER:

<u>     s/ H. Bruce Guyton     </u>
United States Magistrate Judge